**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EARNEST CASSELL WOODS, II,<br><br>          Plaintiff - Appellant,<br><br>  v.<br><br>TOM L. CAREY, Warden; et al.,<br><br>          Defendants - Appellees. | No. 09-15548<br><br>D.C. No. 2:04-cv-01225-LKK-GGH<br><br><br>MEMORANDUM[*] |
| EARNEST CASSELL WOODS, II,<br><br>          Plaintiff - Appellee,<br><br>  v.<br><br>TOM L. CAREY, Warden and T. DICKENSON,<br><br>          Defendants,<br><br>  and<br><br>SANTOS CERVANTES,<br><br>          Defendant - Appellant. | No. 09-16113<br><br>D.C. No. 2:04-cv-01225-LKK-GGH |

---

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, Senior District Judge, Presiding

Argued and Submitted April 18, 2012
San Francisco, California

Before: REINHARDT, NOONAN, and MURGUIA, Circuit Judges.


Earnest Cassell Woods, a former inmate of California State Prison, Solano, won a jury verdict and an award of $1500 in his case against Solano Warden Tom Carey, in which he alleged that Appeals Coordinator Santos Cervantes was deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Despite the verdict in his favor, Woods nonetheless appeals various rulings by the district court. Cervantes cross-appeals the judgment and the award entered against him.

We reverse the district court's grant of summary judgment for Carey in his individual capacity and the grant of the defendants' motion to dismiss for failure to exhaust related to Woods' December 3, 2003 grievance in a separate opinion. We affirm the district court in all other respects.[1]

_____

[1] We also deny all of the plaintiff's motions to take judicial notice.

2

1. Woods filed thirteen motions requesting the appointment of counsel. Under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent an indigent plaintiff upon a finding of "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citation omitted). Although the district court's own self-professed confusion as to the legal theory underlying Woods's claim shows that this case was complex, we cannot say that the complexity was so great, particularly in light of Woods's success on the merits, that the denial of his motions constituted an abuse of discretion.

2. Woods requested the appointment of a dental expert to testify to the extent of his injury as a result of the defendants' conduct. Although a district court may appoint an expert, the failure to do so is not an abuse of discretion when the case does not involves complex scientific evidence or issues. *See Walker v. Am. Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999); *McKinney v. Anderson*, 924 F.2d 1500, 1511 (9th Cir. 1991), *vacated on other grounds,*

*Helling v. McKinney*, 502 U.S. 903 (1991). There were no complex or scientific issues present in this case, and an expert was not necessary to explain to the jury the extent of Woods's pain and suffering as a result of his inability to obtain dental treatment. The district court did not abuse its discretion in denying Woods's motion.

3. Woods requested that four inmate witnesses testify and sought a writ of habeas corpus ad testificandum. The district court's refusal to grant the writ on the basis that Woods sought to introduce testimony on matters unrelated to the contested issues at trial was not an abuse of discretion.

4. Cervantes appeals the district court's denial of qualified immunity, arguing that he is entitled to immunity because there was no clearly established law that recognized that his conduct could amount to a constitutional violation. The qualified immunity analysis requires that the official's conduct violate a constitutional right of the plaintiff, and that at the time of the alleged violation this right was clearly established with sufficient particularity that a reasonable person would have been aware that his conduct was unconstitutional. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). The right to "have prison officials not be 'deliberately

4

indifferent to serious medical needs'" is a sufficiently particularized right for the purposes of the qualified immunity analysis. *Kelley v. Borg*, 60 F.3d 664, 666-67 (9th Cir. 1995) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). We recognized decades ago that "[d]ental care is one of the most important medical needs of inmates," *Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (internal citation and quotation marks omitted), and that prison officials' acts which "deny, delay, or intentionally interfere with medical treatment," *id.* at 201 (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1984)) (internal quotation marks omitted), may constitute deliberate indifference. We also held specifically thirty years ago that "[p]rison officials show deliberate indifference to serious medical needs of prisoners if prisoners are unable to make their medical problems known to medical staff." *Id.* at 200 (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1253 (9th Cir. 1982)) (internal quotation marks omitted). It was therefore clearly established in 2003 that a prison official who delays the receipt of necessary dental treatment has violated the inmate's constitutional rights. *Id.* at 201. Cervantes is not entitled to qualified immunity.

5.    Cervantes seeks to have the jury's award of $1000 in punitive damages set aside, contending that it was unsupported by a showing of evil motive or intent. In

*Smith v. Wade*, 461 U.S. 30 (1983), the Supreme Court held that punitive damages may be awarded "not only for actual intent to injure or evil motive, but also for recklessness, serious indifference to or disregard for the rights of others." *Id.* at 48. Here, the jury's award was supported by substantial evidence that Cervantes exhibited serious indifference to or disregard for the rights of others. The district court therefore did not err in denying Cervantes's motion to set aside the punitive damage award.

6.    Cervantes argues that there was insufficient evidence to support a jury verdict on the supervisory liability theory, one of two theories of liability presented to the jury. "Liability under section 1983 arises only upon a showing of personal participation by the defendant. A supervisor is liable only for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citations omitted). Although there was no evidence presented that Cervantes supervised others, Woods alleged alternatively that his injury resulted directly from Cervantes's own conduct; the jury could not have found in favor of Woods without concluding that Cervantes acted unconstitutionally.

6

A general verdict may stand if the court is "able to construe a general verdict as attributed to a theory submitted to the jury that was viable." *Webb v. Sloan*, 330 F.3d 1158, 1166 (9th Cir. 2003). In determining whether to exercise this discretion, the court should consider: "[1] the potential for confusion of the jury which may have resulted from an erroneous submission of a particular claim or cause of action, [2] whether privileges or defenses of the losing party may apply to the count upon which the verdict is being sustained so that they would have been considered by the jury with reference to the count, [3] the strength of the evidence supporting the count being relied upon to sustain the verdict, and [4] the extent to which the same disputed issues of fact apply to one or more of the theories in question." *Traver v. Meshriy*, 627 F.2d 934, 938-39 (9th Cir. 1980). A consideration of the *Traver* factors requires upholding the verdict on the alternative theory of individual liability and concluding that the district court did not abuse its discretion by failing to grant Cervantes's motion for a new trial.

**AFFIRMED IN PART AND REVERSED IN PART AND REMANDED.** Cost awarded to appellant.